UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PAMELA BRAUD, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-1898 (all consolidated cases)** |
| **TRANSPORT SERVICES OF ILLINOIS and JEROME HOLMES** | **DIVISION (3)**<br>**28 U.S.C. § 636 ( c )** |

ORDER  DENYING TRANSPORT SERVICES' MOTION
FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)

Before the Court is Transport Service Company of Illinois' Motion for Certification for the Purpose of Interlocutory Appeal pursuant to 28 U.S.C. § 1292(b) [Doc. #161].   Transport Service Company seeks certification of Court's  October 31, 2008 Order [Doc. # 159], holding that the defendant, Jerome Holmes, was operating at all pertinent times within the course and scope of his employment with Transport Service Company.[1]

Under section 1292(b), certification is appropriate only as follows:

"(b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order:  *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order."

---

[1] This bifurcated matter came on for bench trial on September 30, 2008 and October 1, 2008, solely on the issues of (1) vicarious liability of Transport Service (*i.e*., whether Jerome Holmes was acting within the course and scope of his employment at all pertinent times considering the Court's application of the facts found under the governing law) and (2) Transport Service's defense of third party fault.

28 U.S.C. § 1292(b).[2]

There are four statutory criteria that guide the court in deciding a § 1292(b) motion: (1) there must be a question of law; (2) it must be controlling; (3) it must be contestable; and (4) its resolution must speed up the litigation.[3] Unless all of the criteria are satisfied, the court "may not and should not certify [an order for appeal] under § 1292(b)."[4] A controlling question of law is an issue with a "statutory or constitutional provision, regulation or common law doctrine."[5] Furthermore, the question must be an "abstract legal issue."[6]

In this case, the issue raised by Transport Services -- whether Jerome Holmes was acting within the "course and scope" of his employment within the meaning of Louisiana law -- is not a controlling issue of law under § 1292(b). All of the case law cited by Transport Service Company was distinguished by the undersigned on the basis of the facts found in the above captioned case. The governing facts which relate to the "course and scope" issue were disputed.

---

[2] *See also Ingram v. Union Carbide Corp.* 34 Fed.Appx. 152, 2002 WL 496404 (5th Cir. 2002) (noting that the appellate court has discretion to decline jurisdiction over such appeals notwithstanding a district court's proper certification and declining to exercise jurisdiction of the interlocutory appeal over an interlocutory appeal of an amount in controversy question for the reason that the district court order failed on its face to certify the aforesaid factual question at issue satisfies the substantive requirements of 28 U.S.C. § 1292(b))

[3] *See e. g.*, *Barker v. Halliburton Co.*, 2008 WL 536640 (S. D. Tex. 2008) (*citing Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 675-76 (7th Cir.2000) (Posner, C.J.) and *Marlbrough v. Crown Equip. Co.*, 392 F.3d 135 (5th Cir.2004) (citing *Ahrenholz, supra*, and and holding that whether there is sufficient summary judgment evidence is not a controlling question of law)).

[4] *Barker v. Halliburton Co.*, 2008 WL 536640 (S. D. Tex. 2008) (*citing Ahrenholz*, 219 F.3 at 676).

[5] *Id.*

[6] *Id.*

Thus, at the request of the parties, the Court bifurcated the proceedings, conducted a trial on two issues, one of which was "course and scope," and thereafter issued partial findings of fact and conclusions of law.

Cross-motions for summary judgment would have been a vain and useless effort.[7] Transport Services does not contest that, under the Louisiana Supreme Court's precedent in *Baumeister v. Plunkett*, 673 So.2d 994, 998 (La. 1996), the determination of "course and scope" is a fact-intensive inquiry. This Court painstakingly distinguished Transport Service's citation of *Williams v. Markel Lumber Co.,* 566 So. 2d 446 (La. App. 4th Cir. 1990) on it facts.[8]

Turning to efficacy of an immediate interlocutory appeal - *i.e.*, whether an immediate appeal from the October 31, 2008 order may materially advance the ultimate termination of the litigation -- both Holmes and the plaintiffs amply explain why this would not occur. Regardless of the outcome on appeal, both Transport and Holmes would still be involved in this litigation.[9]

Having considered the entire record of this proceeding including Transport Service's motion and both memoranda in opposition [Doc. ## 165, 166] and the argument of counsel, the

---

[7]*See* Pretrial Order at Section VII (listing contested issues of fact including "f. whether while en route to South Carolina, Holmes stopped off at his home in Algiers to get some sleep, as required by federal law", "g. whether Jerome Holmes' actions ... further the business interest and business purpose of Transport Services", inter alia) [Doc.#144].

[8]*See* Memorandum Ruling dated October 31, 2008 at pp. 29-30 (noting that (1) defendant Holmes in the case at bar was not "on a frolic" or "purely personal mission," (2) he was on duty when he parked the company rig and tractor and "got the mandatory rest/sleep ... required by company policy and federal regulations" and (3) "while he could have slept in the cap, that was not required") [Doc. # 159].

[9]*See* Defendant Jerome Holmes' Memorandum in Opposition at p. 2 (explaining that even if a reviewing court reversed this Court's findings of fact as clearly erroneous, Transport would still be involved since plaintiffs clearly set forth allegations of negligent hiring and supervision in the original and supplemented petitions for damages) [Doc. #166]; Plaintiffs' Memorandum in Opposition at pp. 3-4 (same) [Doc. #165].

Court declines the invitation to certify this matter under 28 U.S.C. § 1292(b). There is no "*controlling question of law* as to which there is *substantial ground for difference of opinion*."[10] Moreover, certification of the "course and scope" issue would not materially advance this litigation. This case has languished long enough and the determination of peripheral issues ("course and scope" and third party fault) did not work the magic envisioned -- *i.e.*, a disappearing act. Likewise and for reasons previously explained, an interlocutory appeal of the Court's factual determinations attendant to the course and scope analysis will not make short shrift of Transport Service's participation in this case as a party defendant. Piecemeal appeal of this fact-intensive analysis will unnecessarily burden the appellate court[11] and serve only to further protract this litigation.

Accordingly and for all of the aforesaid reasons,

**IT IS ORDERED** that Transport Service's Motion for Certification Pursuant to 28 U.S.C. §1292(b) [Doc. # 161] is DENIED.

New Orleans, Louisiana, this 10th day of December, 2008.

*[signature]*
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

[10] 28 U.S.C. § 1292(b) (emphasis added).

[11] *See Gottfried Corp. v. Travelers Cas. and Surety Co. of America*, 2004 WL 1857656 (E. D. La. 2004) (Duval, J.) (explaining that appellate courts are unaccustomed and ill-suited to the role of fact finder and concluding that the better course is to keep the reviewing court aloof from interlocutory embroilment with the factual content of the record).