UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAMELA BRAUD, ET AL | CIVIL ACTION |
| VERSUS | NO. 05-1898 (all consolidated cases) |
| TRANSPORT SERVICES OF ILLINOIS and JEROME HOLMES | DIVISION (3) 28 U.S.C. § 636 ( c ) |

ORDER DENYING MOTION
TO WITHDRAW MOTION FOR CLASS CERTIFICATION #179

Before the Court is Plaintiffs' Motion to Withdraw Motion for Class Certification (Doc. #179), which defendants, Transport Service Company of Illinois and Jerome Holmes, opposed (Doc. #183, #184). The matter was the subject of oral hearing on February 11, 2009 and thereafter the matter was taken under submission.

The factual background of the above captioned consolidated proceeding is more than amply set forth at the outset in this Court's Memorandum Opinion and Order (Doc. #159), which is incorporated by reference.[1] Needless to say, there have been substantial proceedings in this case in this court.[2] Following the determination of key issues, plaintiffs' motion for class

---

[1] This bifurcated matter came on for bench trial on September 30, 2008 and October 1, 2008, solely on the issues of (1) vicarious liability of Transport Service (*i.e.*, whether Jerome Holmes was acting within the course and scope of his employment at all pertinent times considering the Court's application of the facts found under the governing law) and (2) Transport Service's defense of third party fault. *See* Memorandum Opinion and Order dated October 31, 2008 (finding that Transport Services' and Jerome Holmes' affirmative defense based on third party fault is without merit and determining that Jerome Holmes was operating within the "course and scope" of his employment at all pertinent times) [Doc. #159].

[2] The pertinent substantial history of the proceedings is accurately depicted by the defendant's simplified docket sheet style graph set forth in Transport's Memorandum in Opposition to Motion to Withdraw at pages 2-5 (Doc. No. 183), which is incorporated herein by reference.

1

certification was set for evidentiary hearing on February 13, 2009, which was postponed pending the resolution of the subject motion to withdraw – *i.e.*, one which is more aptly characterized as a Rule 41 motion to dismiss class claims without prejudice.

Plaintiffs, in seeking a voluntary dismissal without prejudice under Rule 41(a)(2),[3] ignore Rule 23(e), which takes precedent over Rule 41(a)(2). Rule 23 has been interpreted to require court approval for dismissal even if the class has not been certified.[4] Plaintiffs filed this action as a class and have made diligent attempts to seek certification of the class in this Court. Nevertheless, they stop short near the eve of the evidentiary hearing.

The specter of prejudice is great for the Braud plaintiffs, as well as the defendants, Transport Services and Holmes; the parties are poised for the certification hearing now. It does appear that the parallel state court class case – *Marvic Thompson, et al v. Transport Service Co., et al, Civil District Court for the Parish of Louisiana,* Dkt.# 2004-12084, "8-N" – is moving at dead slow speed. Indeed, plaintiffs' counsel only recently enrolled as counsel of record in the aforesaid state court proceeding. *See* Motion to Enroll filed January 27, 2009 (Transport Exh. "2").

Plaintiffs contend that withdrawal of their class claims would serve to better conserve judicial resources than a ruling on their motion for class certification. This Court is not persuaded. By all accounts, the matter is ripe for determination now. The motion shall either be submitted on the briefs and affidavits or pursuant to a brief hearing. The undersigned is already

---

[3] All references are to the Federal Rules of Civil Procedure.

[4] *Funke v. Life Financial Corp,* 2003 WL 194204 (S. D. N. Y. Jan. 28, 2003) (citing *Moreno v. Lo-Vaca Gathering Co.,* 80 F.R.D. 282, 283 (N. D. Tex. 1978).

informed of many of the relevant facts and circumstances, having recently conducted a bifurcated trial on issues pertaining to liability and third party fault. *See* Memorandum Opinion and Ruling (Doc. # 159).

Justice delayed is justice denied; there has already been too much delay in this case. The basis of the dismissal sought is to recommence the action in state court which promises even more delay and potential prejudice to unknown members of the putative class claiming physical injury. Since the instigation of this litigation, the burden has been upon Plaintiffs to seek an early certification of the class. Fed. R. Civ. P. Rule 23(c)(1) provides that: "At an early practicable time after a person sues or is sued as a class representative, *the court must* determine by order whether to certify the action as a class action." *Id*. The earliest practicable time was February 13, 2009, when this case was last set for hearing.

In addition and as previously mentioned, the undersigned is troubled by the real possibility that dismissing the claims in this case will effectively result in the dismissal of any potential class of individuals who allegedly sustained physical injuries as a result of the August 19, 2004 chemical spill. Most notably, the *Marvic Thompson* Plaintiffs amended their complaint in Civil District Court deleting any claim for *physical* injuries.[5]

Transport and Holmes highlight that they too will be prejudiced by the delay caused by the actions of the *Braud* plaintiffs. This Court agrees. The matter has been back and forth to the 5th Circuit Court of Appeal once on the CAFA issue, there have been 3 district judges assigned to this case and a bifurcated trial on several issues related to liability was conducted by the

---

[5]*See Marvic Thompson's* Original Petition at ¶11B (Transport's Exhibit "3"; *compare Marvic Thompson's* Supplemental Petition for Damages at ¶11A (Transport's Exhibit "4").

undersigned pursuant to 18 U.S.C. § 636(c). The class certification is fully briefed and the third setting of that evidentiary hearing has lapsed. The matter shall either be reset for evidentiary hearing in short order or deemed submitted on the briefs. Counsel shall advise the undersigned of their preference no later than February 26, 2009.

Accordingly and for all of the aforesaid reasons,

**IT IS ORDERED** that the Braud Plaintiffs' Motion to Withdraw # 179 is DENIED.

**IT IS FURTHER ORDERED** that a telephone conference is set on Thursday, February 26, 2009 at 11:30 A.M. for the purpose of rescheduling the evidentiary hearing date on the Motion for Class Certification.

New Orleans, Louisiana, this 17th day of February, 2009.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**