UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PAMELA BRAUD, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 05-1898 c/w 05-1977, 05-5557 & 06-0891** |
| **TRANSPORT SERVICE CO. OF ILLINOIS, ET AL.** | **DIVISION 3** <br> **28 U.S.C. § 636(c)** |

## ORDER

Before the Court is the Motion to Deem Unclaimed and Unpaid Claims Abandoned, to Escheat all Unclaimed and Unpaid Claims to the State of Louisiana, to Pay Fees and to Close Bank Checking Accounts and File Final Tax Returns and 1099 Forms, and to Make Cy Pres Award with Residual Funds and to Terminate the Qualified Settlement Fund [Doc. #249]. The motion is unopposed. Having reviewed the motion and the case law, the Court rules as follows.

On March 1, 2010, this Court certified this action as a class action for settlement purposes only. [Doc. #211]. The Court appointed William W. Hall as Special Master and Daniel Clavier of Bourgeois Bennett, L.L.C. as Disbursing Agent for purposes of settlement. *Id.* On August 17, 2010, and after a fairness hearing, this Court approved the settlement and administratively closed the case.

After the resolution of any objections to the disbursement of the settlement funds and the distribution of those funds, there remain fourteen unclaimed and unpaid individual claimant allocations as set forth in Exhibit 1 to the motion. The checks were returned as undeliverable and

never cashed, and attempts by the Disbursing Agent and Special Master to locate the fourteen individual claimants were unsuccessful. The Special Master – through the motion here – now seeks, *inter alia*, to escheat all unclaimed funds to the State of Louisiana pursuant to the Uniform Unclaimed Property Act of 1997, La. Rev. Stat. § 9:151 *et seq.*, and to terminate the settlement. Finding that the relief sought in the motion is appropriate and legally sound,

**IT IS ORDERED** that the Motion to Deem Unclaimed and Unpaid Claims Abandoned, to Escheat all Unclaimed and Unpaid Claims to the State of Louisiana, to Pay Fees and to Close Bank Checking Accounts and File Final Tax Returns and 1099 Forms, and to Make Cy Pres Award with Residual Funds and to Terminate the Qualified Settlement Fund [Doc. #249] is GRANTED.

**IT IS FURTHER ORDERED** that all unclaimed and unpaid individual allocations in the above-captioned matter as set forth in Exhibit 1 to the motion are deemed abandoned.

**IT IS FURTHER ORDERED** that the Court-Appointed Disbursing Agent is to transfer all unclaimed and unpaid individual claimant allocations as set forth in Exhibit 1 to the motion to the State of Louisiana under the provisions of Louisiana Revised Statute §§ 9:151 *et seq.* (Uniform Unclaimed Property Act of 1997).

**IT IS FURTHER ORDERED** that the residual funds in the Qualified Settlement Fund after payment of all fees, charges, taxes and other costs (including disbursements associated with fees to the Special Master and the Disbursing Agent) shall be distributed by the Court-Appointed Disbursing Agent as cy pres awards[1] to the following:

---

[1] In a recent decision, the United States Court of Appeals for the Fifth Circuit reversed a district court's cy pres award after the resolution of a class-action lawsuit. *Klier v. ELF Atochem N. Am., Inc.*, – F. 3d –, 2011 WL 4436528 (5th Cir. Sept. 27, 2011). There, the

    (1)      Lower Algiers Senior Citizen Center
              6400 General Meyer Avenue
              New Orleans, Louisiana 70131, and

    (2)      Berman Center Complex
              2529 General Meyer Avenue
              New Orleans, Louisiana 70114[2]

**IT IS FURTHER ORDERED** that the Court-Appointed Disbursing Agent shall close all bank accounts, file all necessary tax returns and 1099 Forms for 2011; whereupon the Qualified Settlement Fund is terminated.

**IT IS FURTHER ORDERED** that the duties and responsibilities of the Special Master, William W. Hall, and the Court-Appointed Disbursing Agent, Daniel H. Clavier, Jr. of Bourgeois Bennet, L.L.C. have been fulfilled, and the Court discharges them from their duties and

---

Fifth Circuit held that "the district court abused its discretion by ordering a *cy pres* distribution in the teeth of the bargained-for terms of the settlement agreement, which required residual funds to be distributed within the class." *Id.* at *1. *Klier* does not impact this Court's opinion. Here, there is no clause in the settlement agreement that requires the distribution of residual funds within the class. In addition, the *Klier* court recognized that "[i]n large class actions, substantial administrative costs attend the distribution of settlement funds. As the settlement funds are disbursed and the amount still available for distribution to the class declines, there comes a point at which the marginal cost of making an additional pro rata distribution to the class members exceeds the amount available for distribution." *Id.* at *4 n.15 (citing *In re Am. Tower Corp. Secs. Litig.*, 648 F. Supp. 2d 223, 224 n. 1 (D. Mass. 2009). "It is only at this point that a district court has discretion to order a cy pres distribution." *Id.* (citing ALI Principles § 3.07 cmt. b (explaining that cy pres awards are appropriate "only when direct distributions to class members are not feasible—either because class members cannot be reasonably identified or because distribution would involve such small amounts that, because of the administrative costs involved, such distribution would not be economically viable")). Here, the Court explicitly finds that the distribution of approximately $9,000.00 to approximately 997 plaintiffs is not economically viable. Cutting and distributing 997 checks in the approximate amount of $9.03 per class claimant is a waste of the residual funds, and a cy pres award to organizations that benefit the community as a whole is more appropriate here.

[2]    This complex served as an evacuation point after the incident underlying this lawsuit.

responsibilities.

**IT IS FURTHER ORDERED** that the Special Master, William W. Hall, and the Court-Appointed Disbursing Agent, Daniel H. Clavier, Jr. of Bourgeois Bennett, L.L.C. are authorized and granted permission to destroy all of their records in this matter five (5) years after the termination of the Qualified Settlement Fund.

The Special Master also seeks $7,237.50 in fees. That sum represents 23.75 hours of work at $300.00/hour for the Special Master and 1.5 hours of work at $75.00/hour for a paralegal. The Federal Rules of Civil Procedure provide, in pertinent part:

> (g) Compensation.
> (1) Fixing Compensation. Before or after judgment, the court must fix the master's compensation on the basis and terms stated in the appointing order, but the court may set a new basis and terms after giving notice and an opportunity to be heard.
> (2) Payment. The compensation must be paid either:
> (A) by a party or parties; or
> (B) from a fund or subject matter of the action within the court's control.
> (3) Allocating Payment. The court must allocate payment among the parties after considering the nature and amount of the controversy, the parties' means, and the extent to which any party is more responsible than other parties for the reference to a master. An interim allocation may be amended to reflect a decision on the merits.

Fed R. Civ. P. 53(g)(1)-(3). Here, this Court has already determined that the Special Master and the Disbursing Agent will be paid from the settlement fund. No party has objected to this finding.

The Special Master, William W. Hall, is an attorney with at least 36 years of experience. For such experience, the Court finds the rate of $300.00/hour to be reasonable. The Court is familiar with the local legal market and finds that the $300.00/hour rate is within the customary range for partner-level attorneys practicing law in the area. The Court has recently approved attorneys' fees above these requested rates in a securities class action. *See In re OCA, Inc., Secs. & Derivative*

*Litig.*, Civ. A. No. 05-2165, 2009 WL 512081, at *25 (E.D. La. Mar. 2, 2009) (finding that partner-level attorneys performing securities work customarily billed at a rate between $400 and $450 an hour and associates customarily billed at a rate between $200 and $250 an hour); *see also Braud v. Transp. Serv. Co. of Ill.*, Civ. A. No. 05-1898, 2010 WL 3283398, *14 (E.D. La. Aug. 17, 2010) (awarding $300.00/hour to attorney retained as expert on attorneys' fees in settlement class action). Indeed, in 2006 – five years ago – this Court awarded $250.00/hour to a Special Master in a civil suit. *See In re Educ. Testing Serv. Praxis Principles of Learning & Teaching Grades 7-12 Litig.*, 447 F. Supp. 2d 612627 (E.D. La. 2006). Accordingly, an attorney such as Hall employed as a Special Master may charge a similar rate.

The Court also finds Hall's hours to be reasonable. The bulk of Hall's hours were spent in meetings and conference calls with the Disbursing Agent and class counsel concerning the final closing of this lawsuit, reviewing objections to his reports and preparing responses to those objections, reviewing files as to attorney costs and expenses and preparing and filing this motion. Accordingly, the Court finds reasonable the 23.75 hours that Hall has expended.

The Court also finds that $75.00/hour in paralegal time is reasonable. This Court has sanctioned a similar hourly rate numerous times. *See, e.g., Johnson v. Big Lots Stores, Inc.*, – F. Supp. 2d –, 2009 WL 1870862, at *3 (E.D. La. 2009) (awarding $75.00/hour for paralegals); *Collins v. Sanderson Farms*, 568 F. Supp. 2d 714, 728 (E.D. La. 2008) (awarding $95.00/hour for paralegals); *Camp v. The Progressive Corp.*, No. Civ. A. 01-2680, 2004 WL 2149079, at *20 (E.D. La. Sept. 23, 2004) (awarding $65.00/hour for paralegals). The Court also finds reasonable the 1.5 hours expended by the paralegal. The Court's review of the billing summary reveals that the

paralegal reviewed and organized the file on attorney costs and reviewed the claims forms of the 15 claimants that the Special Master was originally unable to locate.  Thus, the Court will award 1.5 hours at $75.00/hour in paralegal time.

The Court also finds reasonable the hourly rates and the hours expended by the Disbursing Agent and his associates.  The Disbursing Agent and his associates expended 58.5 hours at an average of $220.00/hour.  Ten people billed to the account (several agents billed only one entry).  As noted before, Clavier has 25 years of experience in class-action lawsuits and 37 years experience in public accounting.  A cursory Westlaw search reveals that Clavier has been the disbursing agent and/or an expert in accounting in numerous class-action suits in the Louisiana federal courts.  Having reviewed the activities associated with the 58.5 hours expended by Clavier and his associates, the Court finds reasonable the hourly rates and the hours expended. The Court will thus award $9,760.00 in fees to the Disbursing Agent.  Accordingly,

**IT IS FURTHER ORDERED** that the Court-Appointed Disbursing Agent disburse fees to the Special Master and to himself as outlined above.

New Orleans, Louisiana, this 19th day of October, 2011.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**